# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 10-59 (DWF/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Shane Allen Werlein, | |
| Defendant. | |

Shane Allen Werlein, *pro se.*

LeeAnn K. Bell, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

This matter is before the Court on Defendant Shane Allen Werlein's ("Werlein") *pro se* motion for compassionate release in light of the COVID-19 pandemic.[1] (Doc. No. 80 ("Motion").) The United States of America (the "Government") opposes

---

[1] Werlein also requested that the Court appoint him counsel (Doc. No. 83 ("Request").) "[T]here is no general right to counsel in post-conviction habeas proceedings for criminal defendants." *United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999); *Pollard v. Delo*, 28 F.3d 887, 888 (8th Cir. 1994). The Court respectfully denies Werlein's Request.

Werlein's Motion.[2]  (Doc. No. 85.)  For the reasons discussed below, the Court respectfully denies Werlein's Motion.

## BACKGROUND

On September 27, 2010, Werlein pled guilty to one count of Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and 221(e).  (Doc. No. 46; *see also* Doc. No. 23.)  On February 9, 2011, this Court sentenced him to 360 months' imprisonment to be followed by a lifetime of supervised release.  (Doc. No. 61.)

Werlein is currently incarcerated at Fort Dix FCI in Joint Base MDL, NJ with an anticipated release date of September 20, 2035.  Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc/* (last visited Jan. 11, 2021).  Fort Dix FCI reports 789 active COVID-19 cases among its inmates and 23 among its staff, 530 inmates and 45 staff who have recovered, and no inmate or staff deaths from the virus.[3]  Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited Jan. 11, 2021).  To date, Fort Dix FCI has conducted 2,522 tests for COVID-19 with 1,471 positive for the virus and 17 tests pending results.  *Id.*

Werlein now moves for compassionate release on the grounds that he is at increased risk for severe illness from COVID-19 because he is 51 years old and suffers from obesity, high blood pressure, chronic cough, kidney problems, a family history of

---

[2]  The Court also received and considered Werlein's reply to the Government's opposition. (Doc. No. 86 ("Reply").)

[3]  When Werlein filed his Motion, he was incarcerated at Elkton FCI in Lisbon, Ohio.  (Motion at 1.)  He has since been transferred.  Accordingly, the Court considers his Motion in the context of his new facility.

cancer, and psoriasis. (Motion at 2; Reply 3; *see also* Doc. No. 85-1 at 5-119 ("Medical Records") at 22-23.) He also asserts that he takes medicine for a variety of conditions-one of which lowers his immune system, wears a knee brace, and has had a number of surgeries. (Motion at 2; Reply at 3-4.) He argues further that despite having been transferred from Elkton FCI to Fort Dix FCI as a medically vulnerable person, the situation at Fort Dix FCI is not any better.[4] (Reply at 2-3.) Specifically, he asserts that Fort Dix FCI was ill-equipped to handle the transferred inmates and failed to provide proper clothing, space to quarantine, or socially distanced housing. (*Id.* at 2-3.) He contends that while he was sentenced to prison, he "was not sentenced to death," and that being placed in Fort Dix is a form of "cruel and unusual punishment" in violation of the Eighth Amendment.[5] (*Id.* at 4-5.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction."

---

[4] At the beginning of the pandemic, Elkton FCI experienced a large outbreak of COVID-19 infections. In mid-April 2020, a group of inmates there brought an emergency habeas action seeking the release of medically vulnerable inmates at the facility due to the spread of COVID-19 within the facility. *See Wilson v. Williams*, 4:20 Civ.00794 (N.D. Ohio Apr. 13, 2020). Werlein was included on a list of the medically vulnerable. *See id.* at Doc. No. 35. While the district court initially granted the petition, the Sixth Circuit vacated the decision on June 9, 2020. *Wilson v. Williams*, 961 F.3d 829, 845 (6th Cir. 2020). Notwithstanding, a number of inmates, including Werlein, were transferred from Elkton FCI to Fort Dix FCI.

[5] Specifically, Werlein alleges violation of the Eighth Amendment through deliberate indifference to serious medical needs. (Reply at 5-9.)

18 U.S.C. § 3582(c)(1)(A)(i).  Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.  U.S.S.G. § 1B1.13 ("Sent'g Comm'n Pol'y Statement" or "Statement"), cmt. n.1(a)(ii).

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement."  Statement.  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable."  18 U.S.C. § 3582(c)(1)(A).

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[6] *Id.*

---

[6] Although judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A).  *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

4

The record reflects that sometime prior to its denial on August 5, 2020, Werlein requested compassionate release from the warden at Elkton FCI.  (Doc. No. 85-1.) Accordingly, the Court finds that his Motion is properly before it.

After a careful review of Werlein's Motion and other documentation, including his Medical Records, the Court finds that his circumstances do not meet the demanding standard necessary for compassionate release.  The Court recognizes that Werlein's obesity places him at heightened risk of severe illness should he contract COVID-19. Centers for Disease Control and Prevention, Coronavirus Disease: People with Certain Medical Conditions, *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html* (last visited Jan. 11, 2020).[7] Notwithstanding, the Court finds that this fact alone does not establish an "extraordinary and compelling" reason to warrant release.[8]  While it is truly unfortunate that Fort Dix

---

[7]    The Centers for Disease Control and Prevention ("CDC") does not include Werlein's other health concerns as medical conditions that increase his risk of severe infection from COVID-19.  *See* Centers for Disease Control and Prevention, Coronavirus Disease: People with Certain Medical Conditions, *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html* (last visited Jan. 8, 2021).

Moreover, while the CDC reports that the risk from COVID-19 increase with age, it denotes a particular risk for those 65 and older.  *See* Centers for Disease Control and Prevention, Older Adults, *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html* (last visited Jan. 8, 2020).  Here, Werlein is just 51 years old.

[8]    There is no indication that Werlein is unable to provide self-care while in prison, or that the medical staff at his facility will be unable to care for him should he contract COVID-19.

5

FCI did not provide the safe refuge for transfers from Elkton FCI and that it is currently enduring an outbreak of COVID-19, the facility has so far been able to effectively treat the ill and to prevent any death.[9] Moreover, Fort Dix FCI continues to employ measures to mitigate the spread of the virus.[10]

Even if Werlein did present an extraordinary and compelling reason to warrant release, the Court cannot overlook Werlein's criminal history or BOP disciplinary history to conclude that he no longer poses "a danger to the safety of any other person or the community."[11]  Statement.  The Court also finds that the § 3553(a) sentencing factors weigh strongly against release.  18 U.S.C. § 3553(a).  Having served less than half of his

---

[9]   The Court is unpersuaded by Werlein's Eighth Amendment violation claims.  The presence of COVID-19 in a prison, even in large numbers, is not tied to poor medical care, but to the fact that the entire world is in the midst of a pandemic.  Laudably, Fort Dix FCI has so far been able to prevent mass casualty through adequate provision of medical care.

[10]   The Court notes that effective March 13, 2020, the BOP required all of its facilities to implement a set of measures "to mitigate the spread of the COVID-19" and "to ensure the continued effective operation of the federal prison system."  *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan, *https://www.bop.gov/resources/news/20200313_covid-19.jsp* (last visited Jan. 6, 2021).  Those steps include limiting visits and internal movement, increased hygiene measures, and screening of both staff and inmates.  (*Id.*)  The BOP periodically updates its Plan and is currently in Phase Nine.  Federal Bureau of Prisons, Coronavirus (COVID-19) Phase Nine Action Plan, *https://prisonology.com/wp-content/uploads/2020/08/COVID-19-Phase-9-COVID-Action-Plan.pdf*.  (last visited Jan. 11, 2021).

The BOP is also exercising greater authority to designate inmates for home confinement.  Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited Jan. 11, 2021).  Since March, the BOP has transferred more than 20,000 inmates to home confinement.  *Id.*

[11]   On six separate occasions while in prison, Werlein was found in possession of prohibited materials.  (*See* Doc. No. 82.)

6

sentence, the Court cannot conclude that such a significant sentence reduction would adequately address the seriousness of the charges of Werlein's conviction, promote respect for the law or provide a just punishment.

It is truly unfortunate that so many individuals at Fort Dix FCI have been infected with COVID-19. Sadly, until there is a vaccine, some level of continued spread is inevitable. In spite of the risk, the BOP must continue to carry out its charge to incarcerate sentenced criminals to protect the public and any release must be balanced against the danger it poses to society. Here the factors weigh strongly against release.

## CONCLUSION

For the reasons set forth above, the Court finds that Werlein's circumstances are insufficiently "extraordinary and compelling" to warrant compassionate release. Moreover, the Court finds that release is inappropriate because it cannot conclude that Werlein no longer poses a threat to society and because the § 3553(a) factors weigh against release.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Shane Allen Werlein's styled motion for compassionate release in light of the COVID-19 pandemic (Doc. No. [80]) and his request for appointment of counsel (Doc. No. ([83]) are respectfully **DENIED**.

Date: January 12, 2021
                                                               s/Donovan W. Frank
                                                               DONOVAN W. FRANK
                                                               United States District Judge